UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

JULIE BOONE,                              )
                                          )
              Plaintiff,                  )
                                          )
v.                                        )        No. 1:16 CV 17 JMB
                                          )
CAROLYN W. COLVIN,                        )
Acting Commissioner of Social Security,   )
                                          )
              Defendant.                  )

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on Defendant's Motion To Reverse And Remand With

Suggestions In Support.  (ECF No. 17)  Plaintiff has responded to the motion, and has no

objections to the motion.  (ECF No. 18)  The Court will grant Defendant's motion.[1]

Defendant informs the Court that after thorough review, she believes that this matter

should be remanded for further consideration by the Social Security Administration.  In

particular, Defendant claims that remand is needed to provide the ALJ an opportunity to take

vocational expert testimony resolving any conflicts between the vocational expert's testimony

and the <u>Dictionary of Occupational Titles</u>, including any apparent conflicts regarding the

exertional requirement of "reaching."  (ECF No. 17 at 1)

Title 42 U.S.C. § 405(g) governs remand in this matter.  <u>Shalala v. Shaefer</u>, 509 U.S. 292,

296 (1993); <u>Melkonyan v. Sullivan</u>, 501 U.S. 89, 96 (1991).  Here, Defendant requests a remand

under sentence four of section 405(g), which states that after reviewing Social Security

determinations, "[t]he court shall have power to enter, upon the pleadings and transcript of the

record, a judgment affirming, modifying, or reversing the decision of the Commissioner of

---

[1] All matters are pending before this Court with the consent of the parties pursuant to 28
U.S.C. § 636(c).

Social Security, with or without remanding the cause for a rehearing." Sentence four requires a substantive ruling on the correctness of the administrative decision before an order of remand is issued. Melkonyan, 501 U.S. at 98; Buckner v. Apfel, 213 F.3d 1006, 1010 (8th Cir. 2000).

The Court has reviewed the record in light of Defendant's assertions regarding the basis for reversal and remand. The Court agrees that in light of the errors committed by the ALJ, the decision should be reversed and the case remanded for further proceedings. Upon receipt of the Court's remand order, the Appeals Council should remand this case to an ALJ, with directions to issue a new decision addressing the shortcomings in the previous decision noted above, and in Defendant's motion to remand.[2]

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion To Reverse And Remand With Suggestions In Support (ECF No. 17) is **GRANTED**. The decision of the administrative law judge in this matter is reversed, and the cause is remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

A separate Judgment in accordance with this Memorandum and Order is entered this day.

/s/ *John M. Bodenhausen*
UNITED STATES MAGISTRATE JUDGE

Dated this 3rd day of August, 2016

---

[2] The Court notes that deficiencies in the ALJ's decision do not automatically entitle Plaintiff to recover benefits. See Buckner, 213 F.3d at 1101 (noting that "[o]rdinarily, when a claimant appeals from the Commissioner's denial of benefits and we find that such a denial was improper, we, out of 'our abundant deference to the ALJ,' remand the case for further administrative proceedings") (internal citations omitted).